**Monico Piano PATAO, Jr., Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–71377.**

**Agency No. 40–500–031.**

United States Court of Appeals, Ninth Circuit.

Submitted May.9, 2005.\*\*

Decided May 12, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gordon T. Yang, Lynch, Ichida, Thompson & Kim, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Donald A. Couvillon, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM***

Monico Piano Patao, Jr., a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motions to reopen and reconsider the BIA's summary affirmance of an immigration judge's ("IJ") decision finding him removable as an alien convicted of a domestic violence offense, finding him ineligible for adjustment of status because he did not have an approved visa petition, and denying his application for cancellation of removal for failure to meet the requisite continuous physical presence requirement and as a matter of discretion. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and vacate Patao's order of removal in light of our recent decision in *Tokatly v. Ashcroft*, 371 F.3d 613, 622–23 (9th Cir.2004) (applying modified categorical approach in domestic violence case).

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ On December 22, 1998, Patao was convicted, pursuant to a plea agreement, of Assault in the Third Degree and Terroristic Threatening in the Second Degree in violation of Hawaii Revised Statutes ("HRS") § 707–0712(1)(a) and HRS § 707–0717, respectively. He was sentenced to serve 30 days in prison and placed on probation for one year. On July 8, 1999, Patao was charged with being removable, under 8 U.S.C. § 1227(a)(2)(E)(i), for committing a crime of domestic violence. The IJ entered an order of removal on January 5, 2000. Patao appealed his removal order to the BIA, which summarily affirmed the IJ's decision. Patao then filed motions to reopen and to reconsider alleging numerous due process errors in the IJ proceedings, and the BIA denied the motions.

In *Tokatly,* issued after the BIA's order denying Patao's motions to reconsider and reopen, we clearly stated that the IJ and the BIA may not look beyond the record of conviction to establish the nature of a petitioner's relationship with the victim. Here, the IJ's removal order impermissibly relied on extra-record evidence to establish Patao's "domestic" relationship to the alleged victim. Because under the modified categorical approach, Patao was not convicted of a crime of domestic violence, his removal order cannot stand. *See Tokatly,* 371 F.3d at 620–21. Accordingly, we vacate Patao's order of removal.

■ We can reach the underlying order of removal on this petition for review because the BIA adopted the reasoning and holding of the IJ's removal order when denying Patao's motions to reopen and reconsider. *See Ma v. Ashcroft,* 361 F.3d 553, 557 (9th Cir.2004) (finding jurisdiction to review an otherwise unreviewable underlying opinion where the BIA in denying the motion relied upon the reasoning and holding of the previous order).

■ Additionally, although Patao did not explicitly contest the underlying removal order in his opening brief, the issue was not waived because we issued *Tokatly* after briefing to this court was completed. *See United States v. Sterner,* 23 F.3d 250, 252 n. 3 (9th Cir.1994), *overruled on other grounds by United States v. Keys,* 95 F.3d 874 (9th Cir.1996) (holding that issue not waived where the law of the circuit changed while the appeal was pending and "substantial inequity" would otherwise result). Moreover, removing a long-time lawful permanent resident with significant family ties and equities in the United States based on an invalid removal order would "result in manifest injustice." *See Alcaraz v. INS,* 384 F.3d 1150, 1161 (9th Cir.2004) (holding that this court "will review an issue not raised in an appellant's opening brief if a failure to do so would result in manifest injustice") (internal quotation marks and citations omitted).

In light of our determination, we do not address Patao's remaining contentions.

**PETITION FOR REVIEW GRANTED; ORDER OF REMOVAL VACATED.**